| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

25-MJ-3199-TORRES

FILED BY ___BM___ D.C.
Jun 17, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| Name.............................. MUNDELE, JOHN | |
| Reg. No........................... 31963-007 | Date.................................... 05/23/2022 |
| DCDC No........................ 290-188 | Termination of Supervision.. 07/22/2023 |
| FBI No............................ 331285TB3 | Violation Date...................... 03/14/2022 |
| Birth Date....................... 03/23/1983 | Released.............................. 07/23/2021 |
| Race................................. Black | |

Sentence Length............... **24 months SRAA Violator Term**
Original Offense............... **Unauthorized Use of a Vehicle**

### Probable Cause Hearing

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you will be given a probable cause hearing within five days of your arrest. Probable cause hearings, which are normally scheduled on Tuesdays and Fridays at the Central Detention Facility, are held to determine if there is probable cause to believe that you have violated a condition of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney. If you are unable to pay for such representation, an attorney will be appointed for you.

### Decisions After Revocation Hearing

After a revocation hearing, if you are found to have violated a condition of your release, the Commission may: (1) restore you to supervision, and, if appropriate, (a) issue a letter of reprimand; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center; or (2) revoke your parole, mandatory release, or supervised release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your supervised release, you will not receive credit toward service of your sentence for time spent on supervised release.

Revocation of parole or mandatory release may result in loss of credit for the time you spent on parole

or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for more than one year, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release. If you have been convicted of a new offense that is punishable by imprisonment for one year or less, the Commission is required to forfeit sentence credit for the time you spent on parole or mandatory release, unless the Commission determines that forfeiture is not necessary to protect the public welfare.

---

MUNDELE, JOHN Reg. No. 31963-007 DCDC No. 290-188

**CHARGES:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for PCP on 3-14-2022, 3-24-2022, 3-31-2022 and 4-14-2022 and Marijuana on 3-24-2022. This charge is based on the information contained in the violation report dated 5-18-2022 from supervising officer Ray Smith and corresponding drug report dated 5-20-2022.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** Between 3-17-2022 and 5-19-2022, the releasee failed to submit urine specimens on 15 occasions. This charge is based on the information contained in the violation report dated 5-18-2022 from supervising officer Ray Smith.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 4-11-2022, 4-19-2022 and 4-22-2022 as directed. The releasee has failed to report to his CSO since 4-13-2022 and his current whereabouts are unknown. This charge is based on the information contained in the violation report dated 5-18-2022 from supervising officer Ray Smith.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 4 - Violation of Special Condition (GPS).** The releasee was terminated from GPS monitoring on 4-25-2022 for failing to keep the device charged on 4-16-2022 and 4-20-2022 allowing it to go into dead battery status. This charge is based on the information contained in the violation report dated 5-18-2022 from supervising officer Ray Smith and GPS memo dated 4-25-2022.
**I ADMIT [ ] or DENY [ ] this charge.**

**Probable Cause Hearing Required**             **Warrant Recommended By:**

                                                Serenity A. Garnette, Case Analyst
                                                U.S. Parole Commission

Community Supervision Office Requesting Warrant: ,

MUNDELE, JOHN Reg. No. 31963-007 DCDC No. 290-188

**WARRANT For Return Of Prisoner Released To Supervision**
Name: MUNDELE, JOHN             Institution: Hazelton FCI
Reg. No. 31963-007              DCDC No. 290-188

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

SUPERIOR COURT District of COLUMBIA ss:
Received this writ the 24 day of May, 2022, and executed same by arresting the within-named Mundele, John L this 9 day of May, 2025, at _____ and committing him to FDC Miami, FL

Godyaces S. Sellalta, USM
U.S. Marshal

Joel Church, SDUSM
Deputy Marshal

Further executed same by committing him to FDC Miami, FL on May 9th, 2025, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

Godyaces S. Sellalta, USM
U.S. Marshal

Joel Church, SDUSM
Deputy Marshal

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 90 K Street, N.E., 3rd Floor, Washington, D.C. 20530.

**ACKNOWLEDGEMENT OF SERVICE:**
I have received a copy of the warrant application dated _____

X John Mundele                    5-19-25
    Prisoner's Signature              Date
(If prisoner refuses to sign, Marshal should so indicate.)

MUNDELE, JOHN Reg. No. 31963-007 DCDC No. 290-188

# Memorandum

| Subject | Date |
|---|---|
| Warrant Execution Instructions Regarding:<br>MUNDELE, JOHN<br>Reg. No. 31963-007<br>DCDC No. 290-188 | 05/23/2022 |

| To | From |
|---|---|
| District of Columbia - Superior Court<br>500 Indiana Ave, NW, C-600<br>Washington, D.C. 20001<br>Warrants - Attn: Philip Cornelious | Serenity A. Garnette<br>Case Analyst<br>U.S. Parole Commission |

Enclosed are the Warrant Application and Warrant issued by the United States Parole Commission for the above-named D.C. Code offender. Please notify the Parole Commission promptly of all developments concerning the disposition of this warrant.

Please assume custody as soon as possible. If the prisoner is already in the custody of federal, state or local authorities, do not execute the Commission's warrant.

Place a detainer and notify the Commission for further instructions. Also, if a criminal arrest warrant has been issued for this prisoner, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed. If after executing the Commission's warrant, it is determined that another arrest warrant for the prisoner has been executed or was outstanding at the time the Commission's warrant was executed, the arresting officer may, within 72 hours of executing the Commission's warrant, release the prisoner to the other arrest warrant and place the Commission's warrant as a detainer. The arresting officer shall promptly notify the Commission of this action.

After execution of the Warrant, (1) give one copy of Warrant Application to the prisoner; (2) provide one copy of the Warrant Application to the Community Supervision Officer as soon as practical after taking custody; and (3) advise the Parole Commission and the Community Supervision Officer that the subject is in custody (noting the place of confinement and the date warrant was executed).

When prisoner is returned to the designated institution, leave both Warrant and Warrant Application with the Warden.

**COMMUNITY SUPERVISION OFFICER:** Please keep the Commission advised of all further developments in this case.

MUNDELE, JOHN Reg. No. 31963-007 DCDC No. 290-188

Enclosure

cc:
Ray Smith
Supervision Officer
Interstate IV-Team 25
CSOSA
800 North Capitol Street N.W., Room 2238
Washington, D.C. 20002-0001


SG

MUNDELE, JOHN Reg. No. 31963-007 DCDC No. 290-188